**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DAVID PAUL HUGGINS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 5:11-CV-117 (CAR) |
| | : | |
| **BRIAN OWENS, Commissioner, et. al.,** | : | |
| | : | |
| **Defendants** | : | |
| _____ | : | |

# RECOMMENDATION

Plaintiff **DAVID PAUL HUGGINS** (herein "Plaintiff") has filed a Motion for Preliminary Injunction [Doc. 3]. In this motion, Plaintiff requests:

(1) an order requiring that his "living arrangements" be monitored and prohibiting prison officials from transferring him to a new cell, conducting "undue shakedowns," or confiscating any of his personal or legal property;

(2) an order requiring that he be permitted to keep "excess pertinent legal documents" and materials on top of or underneath his locker;

(3) an order requiring that prison officials continue to provide him with pain and nerve medications and bi-monthly evaluations with his neurosurgeon;

(4) an order requiring that all potential witnesses in the case "not be harassed, fired, transferred, or have any good time taken for their decision" to testify in his case;

(5) an order requiring that "all pertinent records be sealed" including his medical records, staff logs, and any documents "that cannot be photocopied";

(6) an order requiring that the Department of Corrections remove all three-bunk beds from state prisons;

(7) an order requiring that all medical records of prisoners that have fallen from a three-man bunk be produced and sealed; and

(8) an order waiving all filing fees and costs of discovery.

A motion for preliminary injunctive relief will not be granted unless the movant shows "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998. Indeed, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites." All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc., 887 F.1535, 1537 (11th Cir. 1989)

After considering Plaintiff's motion in light of these requirements, the Court finds that Plaintiff has failed to demonstrate the four prerequisites for the issuance of a preliminary injunction. At this stage in the litigation, Plaintiff has not shown a "substantial likelihood of success on the merits." McDonald's Corp., 147 F.3d at 1306. Though Plaintiff has met the minimal requirements of surviving the frivolity review required by 28 U.S.C. §9151A, Plaintiff has yet to present any proof or objective evidence that the actions about which he complains violated his constitutional rights.

Plaintiff's motion also fails to allege that "irreparable injury will be suffered unless the injunction issues." Id. In fact, the only injury Plaintiff alleges in his motion is his past injury for which he seeks damages in this Section 1983 action. Plaintiff fails to make any allegations which would cause the Court to believe that irreparable injury *will* occur if three-man bunks beds continue to be used in Georgia prisons while his case proceeds, and Plaintiff does not allege that he would suffer any injury, much less an irreparable injury, in absence of an injunction addressing the conditions of his confinement. Plaintiff's requests that this Court enter an order requiring that he receive medical treatment and that witnesses and documents be preserved are similarly unsupported. He provides the Court with nothing more than his unsupported fears or assumptions that he will be

denied treatment in the future, that witnesses will be harassed or removed, or that documents will be lost or destroyed.

Plaintiff's allegations of possible future harm do not suffice to satisfy the requirements for entry of a preliminary injunction. Courts within this Circuit have long held that a "[s]peculative injury is not sufficient" and that a plaintiff must present "more than unfounded fear" before an injunction will be issued." National Airlines, Inc. v. Airline Pilots Ass'n Intern.,431 F. Supp. 53, 55 (D.C. Fla. 1976). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights . . . ." Id.

For these reasons and in light of the deference that the federal courts must afford state prison officials in their administration of their prisons, see generally, Preiser v. Rodriquez, 411 U.S. 475, 491-92 (1973), it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**. The Court further finds Plaintiff's request for a waiver of his filing fee moot, as this Court has already granted his request to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

**SO RECOMMENDED**, this 17th day of May, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge

jlr