IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAVID PAUL HUGGINS,** | : | |
| **Plaintiff** | : | |
| VS. | : | CIVIL ACTION NO. 5:11-CV-117 (CAR) |
| **BRIAN OWENS, Commissioner, et. al.,** | : | |
| **Defendants** | : | |

## ORDER & RECOMMENDATION

Plaintiff **DAVID PAUL HUGGINS**, an inmate at Rutledge State Prison in Columbus, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is further directed to send a copy of this Order and Recommendation to the business manager of the Rutledge State Prison.

Moreover, having reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the Court finds that Plaintiff in fact states non-frivolous claims against all but one of the named Defendants based on their failure to provide him with adequate medical care and safe conditions of confinement. It is **RECOMMENDED**, however, that Plaintiff's claim against Defendant "Health Care Providers" be **DISMISSED** under 28 U.S.C. §1915A(b)(1) for failure to state a claim. All other claims may proceed beyond the frivolity review stage.

# STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law.  Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

Through the present Complaint,[1] Plaintiff **DAVID PAUL HUGGINS** ("Plaintiff") alleges that he was denied adequate medical care after a fall from the top of a three-man bunk bed while incarcerated at Washington State Prison.  Plaintiff names a total of sixteen Defendants: **James E. Donald**, Commissioner of the Georgia Department of Corrections, **Brian Owens**, Commissioner of the Georgia Department of Corrections, Warden **Steve Roberts**, Warden **David L. Frazier**, Deputy Warden **Willie Sue Mickens**, Lieutenant **Jackson**, Lieutenant **Fortune**, Sergeant **Lamb**, Sergeant **Dixon**, Officer **Byrd**, Medical Director **Mr. Taylor**, **Nurse Bush**, Head **Nurse Brown**, **Dr. Rogers**, **Warden Ford**, and "**Health Care Providers**."

According to the allegations in the Complaint, on December 3, 2008, Plaintiff fell from the top of the three-man bunk, striking his chin on a metal desk.  Plaintiff alleges that the fall knocked him unconscious and caused serious injury to his neck and back.  Plaintiff indicates that the top bunk of the beds in his facility have no railing and, therefore pose a risk of injury to inmates.  He further alleges that Commissioners Owens and Donald nonetheless allow the placement of

---

[1] Plaintiff previously filed this same complaint in Civil Action No. 5:09-CV-377-MTT. That complaint was dismissed on August 24, 2010, for Plaintiff's failure to exhaust his administrative remedies.  In the present Complaint, Plaintiff asserts that he has now exhausted all administrative remedies.

three-man bunks due to overcrowding.

Plaintiff alleges that, after he regained consciousness, his neck, back, head, and right arm hurt; and his chin was cut and bleeding. According to Plaintiff, he showed the cut to Defendant Officer Byrd, explained to her about the fall, and told her he was in severe pain. She refused to help him, however, and told him that medical was closed for the day. Plaintiff alleges that he repeatedly asked Officer Byrd to assist him or call someone to assist him with his injuries, but she refused. In the days that followed, Plaintiff also explained his injury and the resulting severe pain to Defendants Sgt. Lamb, Lt. Fortune, Lt. Jackson, Nurse Bush, Nurse Brown, Deputy Warden Mickens, Warden Ford, Warden Roberts, Warden Frazier, and Medical Director Taylor. These Defendants also ignored his complaints and refused to assist him in receiving needed medical treatment.

According to the allegations in the Complaint, Plaintiff was not allowed to see or speak with medical officials until December 8, 2008 - five days after his fall. On December 17, 2008, Plaintiff saw Nurse Bush and Nurse Brown in medical. According to Plaintiff, he then described his fall and subsequent pain to the nurses, but they refused to assist him in getting an x-ray of his back, refused to give him a lower bunk profile, and refused to let him see the doctor. Plaintiff was not x-rayed until March of 2009, more than ninety days after his accident. Following the x-ray, Plaintiff was told that he only had arthritis and was given pain medication; a bottom bunk was finally prescribed.

Thereafter, on April 30, 2009, Plaintiff saw Defendant Dr. Rogers for a routine visit necessitated by his chronic asthma. Plaintiff explained his fall and resulting injuries to Dr. Rogers during that visit. Plaintiff alleges, however, that Dr. Rogers ignored his complaints and would not discuss anything with plaintiff except his "asthma concerns."

Finally, on May 21, 2009, after more than forty visits to the medical department and eight requests Plaintiff was allowed to have MRI and to see a neurosurgeon. According to Plaintiff, the

neurosurgeon stated that he needed immediate surgery to prevent paralysis. The neurosurgeon allegedly opined that "surgery could have been [avoided] if [the] condition was monitored in earlier stages and treatment [was] given." Plaintiff received the surgery sometime thereafter.

However, even after Plaintiff's surgery, prison officials allegedly continued to ignore his medical needs and unsafe "living conditions." According to the Complaint, Sgt. Dixon a refused to honor Plaintiff's medical profiles and continued to assign him to the top bunk of a three-man bed. Plaintiff then complained to Deputy Warden Mickens regarding his placement in the three-man bunk, and she refused to honor his medical profile as well. Plaintiff then complained in writing to Commissioners Donald and Owens, who also did nothing to assist him.

In addition to the Defendants named above, Plaintiff has named the "Prison Health Care Providers" as a Defendant. Plaintiff states that this entity is "responsible for the medical staff employed at Washington State Prison." The actions or inactions about which Plaintiff complains are the actions of "Prison Health Care Providers'" employees and physicians; not the actions of "Prison Health Care Providers" itself. It has long been established that "[a] defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992)(holding that a hospital cannot be held liable under 42 U.S.C. § 1983 for the conduct of its employees). Therefore, "Prison Health Care Provider" cannot be held liable under § 1983 for the actions or inactions of its physicians or medical personnel.

Therefore, it is **RECOMMENDED** that Defendant "**Prisoner Health Care Provider**" be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this Order.

However, based upon a liberal reading of the allegations in the Complaint, the Court is

unable to find that Plaintiff's claims against the remaining defendants are wholly frivolous. The Court will thus allow Plaintiff's claim against these Defendants to proceed beyond the frivolity review stage. It is, therefore, **ORDERED** that service be made against the remaining Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## **FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and

correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following

limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected,

notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 18th day of May, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

jlr