IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID PAUL HUGGINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-117 (CAR) |
| | : | |
| BRIAN OWENS, et al., | : | |
| | : | Proceedings under 42 U.S.C. § 1983 |
| Defendants, | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Commissioner Brian Owens, Commissioner James Donald, and Former Warden David Frazier. Doc. 32. For the reasons stated below, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

FACTUAL AND PROCEDURAL HISTORY

While incarcerated at Washington State Prison, Plaintiff David Paul Higgins injured his chin, neck, and back after falling from the top of a three-level bunk which did not contain a guard rail.[1] On December 3, 2008, Plaintiff fell from the top bunk and struck his chin on a metal desk. The fall knocked Plaintiff unconscious, cut his chin, and caused serious injury to his neck and back. After Plaintiff regained consciousness, he attempted to get medical attention for his injuries. Plaintiff was told by an officer that he could not receive medical attention because "medical was closed," so Plaintiff personally "butterfly stitched" the cut on his chin in the bathroom. In the following days, Plaintiff repeatedly sought medical care, but was prevented from getting medical treatment by various officers and medical staff members at Washington State Prison.

---

[1] Unless cited otherwise, all facts presented are as alleged in Plaintiff's Complaint (Doc. 1).

1

Plaintiff was finally seen by the medical staff on December 8, 2008. Although Plaintiff was given a neck brace and a sling for his arm, Plaintiff continued to experience sharp pains in his neck and back. Plaintiff continued to complain about his condition in the following weeks, but was only given a wrist bandage and non-prescription pain killers. Plaintiff was not given an x-ray until March 2009. In May 2009, Plaintiff was seen by a neurosurgeon at the Atlanta Medical Center, where he was informed that emergency surgery was necessary to prevent future paralysis. Even after his surgery, prison officers and medical staff continued to ignore his medical needs. Also throughout this time period, Plaintiff continuously requested to be placed in a lower bunk, but those requests were denied.

On March 30, 2011, Plaintiff filed a complaint under 42 U.S.C. § 1983 against a total of sixteen (16) defendants, including Defendants Owens, Donald, and Frazier, alleging deliberate indifference to his medical needs, as well as Eight Amendment violations based on the prison's policy of triple-bunking. On August 8, 2011, Defendants Owens, Donald, and Frazier filed the instant Motion to Dismiss.

## DISCUSSION

Plaintiff's Complaint alleges two separate grounds for relief: (1) deliberate indifference to his medical needs based on inadequate medical treatment for his injuries; and, (2) cruel and unusual punishment based on the policy of triple-bunking. Plaintiff's claims against Defendants Owens and Donald allege both deliberate indifference to his medical needs and cruel and unusual punishment. Plaintiff's claims against Defendant Frazier, however, allege only deliberate indifference to his medical needs.

1. <u>Deliberate Indifference to Plaintiff's Medical Needs</u>

Plaintiff's medical treatment claims against Owens, Donald, and Frazier are based solely upon their supervisory positions. Owens is the current Commissioner of the Georgia Department of Corrections. Donald is the former Commissioner of the DOC. Frazier was the warden of Washington State Prison. Plaintiff has failed to state a claim against Defendants Owens, Donald, and Frazier for deliberate indifference to his medical needs because Plaintiff has failed to show a sufficient causal connection between Defendants' actions and Plaintiff's failure to receive medical treatment.

Defendants cannot be held liable under 42 U.S.C. § 1983 solely on the basis that they were in a supervisory position. A defendant is not liable under Section 1983 based solely on the basis of *respondeat superior* or vicarious liability. <u>Hyland v. Kolhage</u>, 267 Fed.Appx. 836, 841 (11th Cir. 2008); <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990). Supervisory liability, however, can be established "when the supervisor personally participates in the alleged constitutional violation or when there is causal connection between the actions of the supervising official and the alleged constitutional deprivation." <u>Mathews v. Crosby</u>, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotations omitted). Further, when determining whether there is a causal connection between the defendant's action and the alleged deprivation of a constitutional right, mere knowledge of a potential deprivation is not sufficient to impose liability on a supervisor. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). The plaintiff must allege purposeful action by the supervisor to deprive plaintiff of a constitutional right in order to state a claim against the supervisor. <u>Id.</u>

A plaintiff may be able to state a claim against a supervisory official absent purposeful participation by showing a causal connection through other means. A plaintiff can do this by

demonstrating either that "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so" or that "a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

In this case, Plaintiff has failed to allege a sufficient causal connection between the actions of Defendants Owens, Donald, and Frazier and the harm caused by Plaintiff's inability to receive adequate medical treatment. Plaintiff's claims are based on the actions and decisions of the jail staff and medical staff at Washington State Prison, specifically the failure to allow Plaintiff to receive medical treatment and the failure to adequately treat Plaintiff's injuries. Plaintiff does not allege personal participation by Defendants Owens, Donald, and Frazier regarding his medical treatment or his failed attempts to receive medical treatment. Petitioner seeks to hold these Defendants liable based on the actions of their subordinates, which is insufficient to state a claim under Section 1983.

Petitioner also seeks to hold Defendants Owens, Donald, and Frazier liable based on their role in the grievance process. Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Holmes v. Correction Corp. of America, 2011 WL 3490086 (S.D.Ga. 2011) (quoting Owens v. Leavins, 2006 WL 1313192, at *2 (N.D.Fla. 2006)). The grievances received by Defendants Owens, Donald, and Frazier are not sufficient to establish supervisory liability. Additionally, Plaintiff does not make factual allegations of a history of widespread abuse, or a custom or policy implemented by Defendants that resulted in

4

his failure to obtain adequate medical treatment. Accordingly, it is **RECOMMENDED** that Defendant Frazier be **DISMISSED** from this action, and that all claims against Defendants Owens and Donald based on Plaintiff's failure to receive adequate medical treatment be **DISMISSED**.

2. Cruel and unusual punishment

Plaintiff has failed to state an Eighth Amendment claim for cruel and unusual punishment against Defendants Owens and Donald because the use of triple-bunking to combat overcrowding does not, alone, pose a significant danger to a prisoner's health and safety. Plaintiff has failed to allege facts sufficient to establish that Defendants acted with deliberate indifference to inmates' health and safety in implementing of a policy of triple-bunking. Additionally, Defendants are protected by qualified immunity under the facts alleged in the Complaint; thus, the Complaint fails to state a claim and must be dismissed.

To survive a motion to dismiss, a complaint must allege specific facts that, accepted as true, "state a claim of relief that is plausible on its face." Ashcroft, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff alleges facts that could reasonably allow the court to infer that defendant is liable for the alleged misconduct. Id. Where the alleged facts do not allow the court to infer more than a mere possibility of misconduct, the complaint has not demonstrated that the plaintiff is entitled to relief. Id. Therefore, when examining the facts alleged in a complaint, the court must assume the facts to be true and "then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff, however, does not state a claim by merely making "naked assertions devoid of factual enhancement." Id.

The policy of triple-bunking does not create a condition of confinement where inmates are subjected to significant health and safety risks sufficient to constitute cruel and unusual punishment under the Eighth Amendment. Under the Eight Amendment, "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." Whitley v. Albers, 475 U.S. 312, 319 (1986). All claims challenging conditions of confinement under the Eighth Amendment, at a minimum, require that the plaintiff demonstrate an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Moreover, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id.

In order to be held liable under the Eighth Amendment, a prison official must satisfy two requirements: (1) the objective component, that the prison official's act or omission was sufficiently serious to violate the Eighth Amendment; and, (2) the subjective component, that the prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson v. McMillan, 503 U.S. 1, 8 (1992); see also Farmer v. Brennan, 511 U.S. 824, 834 (1994).

In this case, Plaintiff has failed to establish both the objective and subjective components of an Eighth Amendment claim. To establish the objective component, the inmate must show that he is subject to conditions that pose a substantial risk of serious harm. Farmer, 511 U.S. at 834. In order for a substantial risk of serious harm to exist, the conditions must be "sure or very likely to cause serious illness and needless suffering," and give rise to "sufficiently imminent dangers." Baze v. Rees, 553 U.S. 35, 49-50 (2008). The use of triple-bunking, even where the

...

top bunk does not have a guardrail, does not amount to a condition that causes "unquestioned and serious deprivations of basic human needs." Rhodes, 452 U.S. at 347-48.[2]

Although Petitioner did in fact fall from the three-man bunk, this single occurrence is not sufficient to establish a substantial risk of imminent harm imposed by triple-bunking. In his response to the instant motion to dismiss, Plaintiff asserts that "an inmate at Washington State Prison [] has the names of other victims who have fallen." This vague assertion is insufficient to support a claim that triple-bunking creates a risk of imminent serious injury or needless suffering. Further, Plaintiff has failed to allege any other condition of his confinement that, in conjunction with the use of triple-bunking, has created a substantial risk to his health and safety. Accordingly, Plaintiff has failed to establish the objective component of an Eighth Amendment claim.

Additionally, Plaintiff has failed to establish the subjective component of an Eighth Amendment violation. To establish the subjective component, the plaintiff must establish that the prison official was deliberately indifferent to the health and safety of the inmates. Farmer, 511 U.S. at 835. To show deliberate indifference, the plaintiff must show that the defendant's actions were more blameworthy than negligence. Id. at 836 n. 4 (stating that even gross negligence does not rise to the level of deliberate indifference). The defendant must actually know of a significant risk to inmates' health and safety and intentionally disregard that risk to in order to be held liable. Id. at 837. An action by a defendant with no signs of malevolence or a culpable state of mind does not give rise to an Eighth Amendment violation. Baze, 553 U.S. at 50.

In this case, the Complaint does not allege facts sufficient to establish that Defendants were deliberately indifferent to inmates' health and safety by implementing the policy of triple-

---

[2] Rhodes involves the use of double-bunking. The Court does not find that the addition of a third bunk, absent any other distinction, sufficiently deprives an inmate of basic human needs.

bunking. There is nothing in the record to indicate that Defendants Owens and Donald were aware of the risk and actually perceived of the risk. Plaintiff did not indicate that he filed a grievance regarding the policy of triple-bunking prior to his fall.[3] Plaintiff alleges in his complaint that Defendants implemented triple-bunking to combat overcrowding in the prisons. At most, the use of triple-bunking could be considered negligent to the fact that inmates could possibly fall from the bunks and injure themselves. The Defendants' policy of triple bunking, however, does not rise to deliberate indifference of the inmates' serious medical needs. Accordingly, Petitioner has failed to establish both the objective and subjective component of his Eighth Amendment claim against Defendants.

Moreover, the Complaint fails to set forth a plausible claim for relief because the facts alleged show that Defendants are entitled to qualified immunity. Qualified immunity protects government officials from civil liability when their conduct in performing discretionary functions "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lassiter v. Alabama A & M University, 28 F.3d 1146, 1149 (11th Cir. 1994) (internal quotations omitted). As a Commissioner of the Georgia Department of Corrections, Defendants were performing a discretionary function when they implemented the policy of triple-bunking to combat overcrowding. See Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). A prison official acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009). Courts need not

---

[3] In his response to the instant Motion to Dismiss, Plaintiff states that it is general knowledge that "the unsafety of the triple bunks have been grieved with most of the grievances going unanswered." Again, this is simply a vague assertion that Plaintiff fails to support with sufficient factual allegations.

consider the two prongs of the analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. Id.

Leaving aside the question of whether the allegations in the Complaint amount to a constitutional violation, the Court must dismiss the Complaint because the facts alleged do not show that Defendant violated a clearly established constitutional right. A right can be considered clearly only if "the contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violated that right. United States v. Lanier, 520 U.S. 259, 270 (1997). According to the Complaint, Defendants implemented a policy in which three-man bunks were used in order to relieve issues of overcrowding in Georgia prisons. It is not clearly established that that triple bunking of inmates amounts to an Eighth Amendment violation. See Rhodes, 452 U.S. at 347-48. See also North v White, 152 Fed.Appx. 111, 113 (3rd Cir. 2005) ("Double or triple-bunking of cells, alone, is not per se unconstitutional.") Because there is no clearly established law to establish that Defendants violated Plaintiff's Eighth Amendment rights by the use of triple bunking, Defendants are protected by qualified immunity. Accordingly, it is **RECOMMENDED** that Defendants Owens and Donald be **DISMISSED** from this action.

For the reasons stated above, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 32) be **GRANTED**, and that Defendants Owens, Donald, and Frazier be dismissed as parties to this action.  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of January, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge